

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-12-22

**LAW OFFICES OF**
**DONNA R. NEWMAN**
ATTORNEY AT LAW
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007
TEL. 212-229-1516
FAX 212-676-7497
DONNANEWMANLAW@AOL.COM
MEMBER: N.Y. & N.J. BAR

**MEMO ENDORSED**

May 11, 2022

The Honorable Lewis A. Kaplan
United States District Court Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re: *United States v. Antonio Ortiz*
    13 Cr. 460 (LAK)

Dear Judge Kaplan:

    Please allow this letter as a response to and in opposition to the Government's motion for a protective order. See Government Letter dated 5/11/2022, ECF # 43. In addition, on behalf of Mr. Ortiz, I move this Court for an Order to compel the Government to immediately produce Federal Rule of Criminal Procedure Rule 16 discovery.

BACKGROUND

    Pending before this Court is a Petition filed on February 3, 2022, alleging Mr. Ortiz has violated his terms of supervised release. Allegations 2-4 of the Petition concern Mr. Ortiz' arrest on a Nassau County Complaint charging him with two class E felonies and one Class A misdemeanor relating to accusation by his daughter claiming that approximately four years ago, when she was 16 or 17, Mr. Ortez had sexual intercourse with her. On February 10, 2022, Your Honor signed a warrant for Mr. Ortiz' in connection with the VOSR Petition.

    It is my understanding that the Nassau County Complaint was filed about a year ago and at that time the alleged victim provided a video-taped statement. Mr. Ortiz is not as of yet indicted on any charges in Nassau county. I also understand the Mr. Ortiz provided a statement when he was arrested in Nassau county.

    Mr. Ortiz made his first appearance with respect to the VOSR on February 15, 2022 before Magistrate Cave and I was assigned to represent him on that date. Today is May 11 and as of today, the Government has failed to produce a copy of the Nassau County Complaint; Mr.

1

Ortiz's statement that I was only recently was informed existed; copies of police reports or any other non-protected Rule 16 discovery. I have requested these documents but not received them. Since the Complain is public record, I will receive it from Mr. Ortiz' Nassau County Legal Aid attorney with whom I spoke today. He also informed me that pursuant to New York State discovery rules, Nassau County has an open file discovery practice and had Mr. Ortiz been indicted he would have had access to the prosecutor's entire file.

DISCOVERY ISSUE/PROTECTIVE ORDER

I have not brought the Government's clear violation of its Rule 16 production obligations to the Court's attention because I understand discovery production issues should in the first instance try to be worked out between the Defense and the Government. I have requested Rule 16 discovery and have been promised the production, although nothing was done by the Government to follow-up. Clearly since the Government filed their letter less than 24 hours after I provided my response to their request for a protective order, the Government is of a different mindset concerning obligations to attempt to resolve discovery issues between counsel.

My objections to the Government's Protective Order are valid. But collaterally, I told the Government at the last conference of course I would agree to a protective order with respect to the "victim's" statement and specifically that I would agree not to provide my client with a copy but would require his review with me or a member of the Defense team. My opposition then to the protective order as proposed concerned the broad prohibitions some of which make absolutely no sense here and amounted to overkill. Also, I object because the proposed protective order without cause insinuates the Defense will intimidate, coerce, or harass potential witnesses and thus, this is the basis for the protection requested.

Obviously, my client knows his daughter's name, date of birth and other particulars. Likewise, he knows the same information regarding his wife and her mother. Thus, the language of the Protective Order and the reasoning behind it is not relevant here. Further, in place is a protective order and bond restrictions that prevent Mr. Ortiz from contacting in any manner the victim. He has complied with these restrictions and there is no reason he will not continue to comply or that there is a need to restrict discovery to prevent intimidation or coercion, etc.

Notably, the Government has not bothered to identify or define extremely sensitive material and or a category of individuals who need protection they propose. In as much as stated above, Mr. Ortiz already knows the very information the Government suggests must be kept from him, the proposed protection is superfluous. The Government fails to explain how the alleged victims' will be subject to risk when she has not been subject to risk. The Government has failed to provide a basis in this specific case for the protections they seek in paragraph 2.

I object to the label of "Attorney's Eyes Only" because the Government fails to explain the nature of the material that would fall into this category. It is important in this case that Mr. Ortiz see all the discovery since this case amounts to nothing more than a "he said, she said." Preventing him from see any discovery is impediment to the defense of the case.

2

Further, I object to the Government's proposed protective order because it precludes counsel's input into any decision to label a document sensitive or for "attorney eyes only." The Government seems not to be interested in discussing with counsel document designation or to consult with counsel or hear counsel's objections. Once again, they seek court action, as opposed to resolution between counsel.

On the other hand, if as I requested, the Government will provide counsel with a list of the documents or material or data they seek to restrict with a basis for the proposed restriction, I could make an informed assessment and may agree.

It is disingenuous for the Government to claim the protection order is needed to permit the Government to produce expeditiously the Disclosure Material when they have yet to produce Rule 16 discovery and first proposed the protective order a day ago- 3 months into the case.

In short, the Court should deny the Government's request, until consultation has been made with defense counsel and until they have provided counsel with a description of the documents which they contend fit within each category. Finally, the protective order must allow the defense team to see and review all the documents with any applicable restriction. The Government has delayed and impeded the Defense's ability to defend against these allegations and this should not be permitted. This matter is set down for hearing in less than a month, and the Government's dragging their feet has prejudiced the Defense from expeditiously investigating this case.

CONCLUSION

Accordingly, I respectfully request the Court deny the Government's motion, and order the Government to immediately turn over all Rule 16 discovery, provide a list of disclosure materials, and explain the reason for designating any material as "sensitive" or for "Attorney Eyes Only".

Respectfully submitted,
/s/
Donna R. Newman
Cc: AUSA Matthew R. Shahabian
    AUSA Madison Reddick Smyser

*The Government has represented that it will "make a full discovery production as soon as the Protective Order is entered." That will occur today. The defendant's request for an order directing immediate production here to material is unnecessary and is DENIED.*

LEWIS A. KAPLAN, USDJ
5/12/22

3