**MEMORANDUM ENDORSED**

LAW OFFICES OF
**DONNA R. NEWMAN**
ATTORNEY AT LAW
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007
TEL. 212-229-1516
FAX 212-676-7497
DONNANEWMANLAW@AOL.COM
MEMBER: N.Y. & N.J. BAR

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/23/2022

June 23, 2022

**BY ECF**

Hon. Lewis A. Kaplan
United States District Judge
United States District Court
Southern District of New York
New York, NY 10007-1312

Re:   *United States v. Ortiz*, 13-Cr.-460 (LAK)

Dear Judge Kaplan:

On behalf of Antonio Ortiz, the defense respectfully submits this letter seeking a continuation of the Violation of Supervised Release ("VOSR") hearing scheduled for Tuesday June 28, 2022[1].

### I.   BACKGROUND

Mr. Ortiz is charged with eight specifications alleging violations of the conditions of his Supervised Release ("VOSR"). *See* VOSR dated June 10, 2022, at 5-8.[2] Specifications #'s 2,3, & 5 track allegations in Nassau County criminal complaint docket number CR-000334-22NA.[3] When Mr. Ortiz was arrested and charged on this complaint his Fifth Amendment right against self-incrimination under both the New York and United States constitutions attached. He was entitled to remain silent and ask the "People of the State of New York" to prove the allegations against him beyond a reasonable doubt.

Mr. Ortiz objects to going forward with the violation of supervised release hearing before the state case is resolved. Mr. Ortiz is being forced to sacrifice his right not to incriminate himself on the state charges in order to defend himself in federal court on the VOSR petition. Importantly, at

---

[1] Defense counsel made this application initially at the last conference and the Court denied the application. We renew the application herein because it has become clearer now that to proceed with the VOSR hearing will impede on Mr. Ortiz Fifth Amendment rights and will substantially prejudice his ability to defend against the same charges in the State proceedings. See Discussion below.

[2] Specifications numbers 1, 5,6,7, & 8 relate to technical violations not at issue here. The three specifications at issue in this motion are the subject of a pending *unindicte*d felony criminal investigation by the New York State Nassau County District Attorney's Office.

[3] Mr. Ortiz was arrested in Nassau County on January 11, 2022 on the aforementioned Complaint.

<u>Memorandum Endorsement</u>                                                            <u>United States v Ortiz, 13-cr-460 (LAK)</u>

       The defendant seeks an adjournment of his violation of supervised release ("VOSR") hearing (Dkt 53), scheduled to begin on June 28, 2022.  He apprehends that the holding of the VOSR hearing, in violation of the Due Process Clause and the Fifth Amendment privilege against self-incrimination, would put him to the choice of (a) incriminating himself by his testimony in defense of this matter with respect to a potential state court prosecution for the same conduct, or (b) prejudicing himself in the defense in this matter by remaining silent.

       Defendant is charged here with a number of violations of the terms of his supervised release.  Among them are violations of three conditions by committing state law crimes – specifically, the New York State crime of incest in the third degree, rape in the third degree, and endangering the welfare of a child.  In short, he is charged with repeatedly raping his underage teenage daughter, who remained silent for a significant period.  The three state law crimes led to defendant's arrest in January 2022 by Nassau County authorities on a complaint accusing him of the state crimes.  But the defendant has not been indicted by a New York grand jury, and it is beyond my powers to know when, if ever, that ever will occur.

       As the defendant essentially concedes, and as the government's response establishes (Dkt 54), I am not obliged to adjourn this hearing pending the disposition of the state charges, if indeed they ever are disposed of on the merits.  While I recognize that the defendant has some tactical decisions to make in the present circumstances, there are important considerations that point strongly in favor of moving forward expeditiously.  First, defendant is charged here with very serious offenses, and there is a substantial public interest in resolving them – even if only in the context of a VOSR proceeding – in the absence of an expeditious resolution of the criminal charges in the state courts.  Second, cases like these frequently are difficult to prosecute as a result of fear, embarrassment, or other concerns that sometimes result in the unwillingness of victims to cooperate in prosecution. As of right now, the victim of these alleged offenses reportedly is willing to testify.  Whether that would be true if months or more time go by while awaiting a state prosecution, if that materializes, is a matter of speculation.  Finally, the defendant has known of this impending dilemma for quite some time.  The fact that he has waited until the eve of the VOSR hearing – after the government has identified witnesses and produced Jencks material and other discovery – before making this constitutional claim suggests that the defendant is seeking to have his cake and eat it too.  He wants the benefit of the discovery he has obtained from the government on the premise that the VOSR hearing begins next week and then to avoid the VOSR hearing indefinitely.

       Accordingly, defendant's application for an adjournment (Dkt 53) is denied.

       SO ORDERED.

Dated:     June 23, 2022

                                                  /s/ Lewis A. Kaplan (mab)
                                                             Lewis A. Kaplan
                                                         United States District Judge